IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JAMES EARL ROLLING, JR., (TDCJ-CID #1310830) Plaintiff, | § § § § § |
| vs. | § CIVIL ACTION H-07-1754 |
| DAVID P. WEEKS, *et al.*, Defendants. | § § § § |

## MEMORANDUM AND OPINION

James Earl Rolling, Jr., a former[1] inmate of the Texas Department of Criminal Justice - Correctional Institutions Division, sued in May 2007, alleging civil rights violations resulting from a miscalculation of his sentences. This court grants Rolling leave to proceed *in forma pauperis*. (Docket Entry No. 2). Rolling, proceeding *pro se*, sues David P. Weeks, Walker County District Attorney; Stuart Hughs, Assistant District Attorney for Walker County; William McAdams, judge of the 278th Judicial District Court of Walker County, Texas; the Walker County Sheriff's Department; and Brad Livingston, Executive Director of the Board of Pardons and Paroles.

The threshold issue is whether Rolling's claims should be dismissed as

---

[1] Rolling advised this court that his new address is 760 Cline Street, Apt. #5, Huntsville, TX 77340. (Docket Entry No. 4). It appears that Rolling has been released from custody.

frivolous. The court concludes that Rolling's claims lack merit and should be dismissed for the reasons stated below.

## I. Plaintiff's Allegations

Rolling states that he entered a plea bargain agreement on June 6, 2005. Rolling pleaded guilty in exchange for a five-year prison term and 625 days of jail time credit. When Rolling discovered that he had entered an illegal plea bargain agreement, he complained to the court.

On August 7, 2006, Rolling appeared in court, and the judge vacated the five-year sentence. Also on August 7, 2006, Rolling pleaded guilty to a different offense in exchange for a two-year sentence. Rolling complains that he was detained for eleven months beyond his discharge date because the defendants miscalculated his sentence and violated the plea bargain agreement.

Rolling complains further that the defendants erred in the calculation of a third sentence that was scheduled to be served concurrently. Rolling explains that he had previously served five years and one month on an eight-year sentence. At the time he was arrested in October 2004, he only had to serve two years and eleven months on the eight-year sentence. Rolling argues the defendants improperly delayed his release until October 11, 2006.

Rolling seeks compensation for the eleven extra months he was detained.

## II.     Standard of Review

Under 28 U.S.C. § 1915A, federal courts are authorized to review, before docketing, if feasible, or in any event as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. The court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A governs this suit by a prisoner against a prison official. In *Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998), the Fifth Circuit held that Section 1915A applies even when a prisoner has paid the required filing fee.

A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Richardson v. Spurlock,* 260 F.3d 495, 498 (5th Cir. 2001)(citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998)(quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)).

## III. Analysis

Rolling complains that the defendants breached his plea bargain agreement, erred in calculating his sentences, and detained him beyond his release date. Because Rolling seeks relief for an alleged failure to properly credit his state sentence of incarceration, the court must determine whether *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994), applies. In *Heck,* the Supreme Court held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (footnote omitted). Courts must consider "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. When success in a "§ 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the

O:\RAO\VDG\2007\07-1754.a01

4

underlying conviction or sentence." *Muhammad v. Close,* 540 U.S. 749, 751 (2004). In addition, courts have extended the holding in *Heck* to claims seeking declaratory or injunctive relief as well as damages under 42 U.S.C. § 1983. *See Edwards v. Balisok,* 520 U.S. 641, 648 (1997); *Clarke v. Stalder,* 154 F.3d 186, 190-91 (5th Cir. 1998). *Heck* applies to claims involving time-credit issues related to the duration of a sentence of incarceration. *See Edwards v. Balisok,* 520 U.S. 641, 643 (1997).

Under *Heck,* Rolling must demonstrate that his convictions and sentences have been reversed, invalidated, or expunged prior to bringing an action under § 1983. *Heck,* 512 U.S. at 486-87. Rolling cannot make such showing. The court's online research reveals that Rolling has filed petitions for a writ of habeas corpus in state court, and the Texas Court of Criminal Appeals denied relief. Because Rolling has not demonstrated that his time-credit calculations have been reversed, expunged or set aside by a state court, or called into question by a federal court's issuance of a writ of habeas corpus, the court finds that Rolling's claims for damages are not cognizable under § 1983 at this time. If the court were to grant damages for the alleged improper sentence calculations, such ruling would necessarily call into question the duration of Rolling's sentences. Rolling has failed to show that the calculation of his sentences has been reversed, invalidated, or expunged prior to bringing the instant action. He has obtained no relief from the time-credit calculation.

Until Rolling receives a ruling declaring his sentences invalid, no action will accrue under § 1983. *Id.* at 488-89; *Randell v. Johnson,* 227 F.3d 300, 301 (5th Cir. 2000), *cert. denied,* 121 S. Ct. 1601 (2001) ("Because [plaintiff] is seeking damages pursuant to § 1983 for unconstitutional imprisonment and he has not satisfied the favorable termination requirement of *Heck,* he is barred from any recovery. . . ."). Rolling's claims challenging his sentence calculations are "legally frivolous" within the meaning of sections 1915A(b)(1) and 1915(e)(2). *Hamilton v. Lyons,* 74 F.3d 99, 102-103 (5th Cir. 1996)("A § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question.").

Rolling informed this court that he is no longer in custody. The court has learned through telephone inquiry that Rolling is currently on parole. Rolling may argue that he filed this suit under 42 U.S.C. § 1983 because he cannot file a petition for a writ of habeas corpus under 28 U.S.C. § 2254.

In *Randell v. Johnson,* 227 F.3d 300 (5th Cir. 2000), Randell argued that he was no longer in custody and thus could not file a habeas petition. Randell asserted that he did not need to prove that the underlying proceedings upon which his conviction was based had been terminated in his favor, since he could no longer seek

habeas relief. Relying on the language in *Heck v. Humphrey*,[2] 512 U.S. 477, 486-87 (1994), the Fifth Circuit explained that the Supreme Court unequivocally held that unless an authorized tribunal or executive body had overturned or otherwise invalidated the plaintiff's conviction, his claim "is not cognizable under [section] 1983." *Randell*, 227 F.3d at 301 (citing *Heck*, 512 U.S. 477, 487). The Fifth Circuit reasoned that because Randell was seeking damages pursuant to § 1983 for unconstitutional imprisonment and had not satisfied the favorable termination requirement of *Heck*, he was barred from any recovery and failed to state a claim upon which relief may be granted.[3]

Unlike Randell, Rolling remains in custody on parole. He can challenge the calculation of his sentence in a petition for a writ of habeas corpus. Rolling's civil

---

[2]The Fifth Circuit relied on the following language:
We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, [footnote omitted] a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.
*Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

[3]

In *Randell*, the Fifth Circuit noted that dicta from concurring and dissenting opinions in *Spencer v. Kemna*, 523 U.S. 1 (1998), may have cast doubt upon the universality of *Heck*'s "favorable termination" requirement." The Fifth Circuit stated that it would heed the Supreme Court's admonition to follow its directly applicable precedent, even if that precedent appears weakened by pronouncements in its subsequent decisions, and to leave to the Court "the prerogative of overruling its own decisions." *Randell*, 227 F.3d at 301.

rights claims are dismissed with prejudice to them being reasserted when the *Heck* conditions are met. *See Clarke v. Stalder,* 154 F.3d 186, 191 (5th Cir. 1998); *Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996).

## IV. Conclusion

Rolling's application to proceed *in forma pauperis,* (Docket Entry No. 2), is GRANTED. The action filed by James Earl Rolling, Jr. (TDCJ-CID Inmate #1310830) lacks an arguable basis in law. His claims are DISMISSED with prejudice under 28 U.S.C. § 1915A(b)(1). Any remaining pending motions are DENIED as moot.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159;

(2) the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List.

SIGNED at Houston, Texas, on June 28, 2007.

_____
VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE